UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE COX,

                Plaintiff,

v.

MILWAUKEE COUNTY DISTRICT
ATTORNEY'S OFFICE,
MR. ZIER, and MR. DENIS STINGL,

                Defendants.

Case No. 13-CV-434-JPS

ORDER

      In 1992, the plaintiff, Dwayne Cox, was convicted by a jury of first degree intentional homicide and armed robbery as party to a crime. (*See, e.g.*, Docket #1, Ex. E, at 1–2). Prior to trial, Mr. Cox's accomplice provided a statement to police that both he and Mr. Cox had struck the victim, strangled her, and then stabbed her; Mr. Cox, himself, provided the investigating officers with a consistent confession. (Docket #1, Ex. E, at 1–2). Mr. Cox testified at trial and essentially contradicted his entire original confession, instead stating that he had not participated in the murder. (Docket #1, Ex. E, at 2). Despite this change in his account of the events, the jury convicted Mr. Cox, who eventually received a sentence of life imprisonment on the homicide charge and twenty years consecutive on the armed robbery charge. (Docket #1, Ex. E, at 2).

      Nearly twenty years later, on February 15, 2012, Mr. Cox filed a motion for post-conviction DNA testing under Wis. Stat. § 974.07, in the Wisconsin courts system. (Docket #1, Ex. A). Wis. Stat. § 974.07(2) allows any convicted individual to move in the court in which he was convicted for an order requiring DNA testing of evidence in the underlying case, so long as

three conditions are met: (1) the evidence is relevant to the conviction; (2) the evidence is in the government's possession; and (3) the evidence had not been previously subject to DNA testing (or had been subject to DNA testing of a less-advanced degree than that available at the time of the motion). Wis. Stat. § 974.07(2). Assuming that those requirements are met, the circuit court must then determine whether to order testing by evaluating the convicted individual's request for testing under Wis. Stat. § 947.07(7). The circuit court should order DNA testing when, among other findings, it determines that it is "reasonably probable that the movant would not have been prosecuted [or] convicted" or that it is "reasonably probable that the outcome of the proceedings…would have been more favorable to the movant" had exculpatory DNA evidence been available. Wis. Stat. §§ 947.07(7)(a–b).

After Mr. Cox had filed his motion and the State of Wisconsin had been afforded the opportunity to respond, the Milwaukee County Circuit Court entered an order denying Mr. Cox's request for a DNA test. (Docket #1, Ex. E). The Milwaukee County Circuit Court filed that order on April 26, 2012. (Docket #1, Ex. E, at 3). According to Mr. Cox's complaint and the Court's independent check of the Wisconsin Court of Appeals access database, Mr. Cox has not appealed the Milwaukee County Circuit Court's order.

Instead, Mr. Cox filed the case now at hand. In it, he asserts a 42 U.S.C. § 1983 claim against the Milwaukee County District Attorney's Office and the two prosecutors assigned to his case. (Docket #1). He also filed a motion for leave to proceed *in forma pauperis* (Docket #4).

Before the court may allow this action to proceed or grant Mr. Cox's motion to proceed *in forma pauperis*, it must screen his complaint and dismiss

it or any portion of it, if Mr. Cox has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

Mr. Cox raises only one legal claim: that he is entitled to have his DNA tested. The issue of whether Mr. Cox's claim is frivolous, malicious or fails to state a claim is very difficult to determine. While, at first, the Court's reaction was that Mr. Cox's claim should be barred under the *Rooker-Feldman* doctrine as a collateral attack on a state court judgment, further research gave the Court pause. In *Skinner v. Switzer*, the Supreme Court held that *Rooker-Feldman* does not bar a prisoner's 42 U.S.C. § 1983 action seeking DNA testing of crime scene evidence. *Skinner v. Switzer*, --- U.S. ----, 131 S.Ct. 1289, 1297 (2011). However, the Supreme Court made sure to note that the plaintiff in that case did "not challenge the adverse [court] decisions themselves; instead, he target[ed] as unconstitutional the Texas statute they authoritatively construed." *Id.*, at 198. Thus, the 42 U.S.C. § 1983 suit in *Skinner* was not a prohibited review of a state court decision by a lower

federal court, but was instead a permissible federal challenge to a statute. *Id.* (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286 (2005)). Since the Supreme Court issued its *Skinner* decision, the Seventh Circuit has further extrapolated *Skinner*'s holding, in conjunction with the holdings in the preceding related cases of *Wilkinson v. Dotson* and *Heck v. Humphrey*. *Burd v. Sessler*, 702 F.3d 429, 432–33 (7th Cir. 2012). Essentially, the Seventh Circuit has treated *Skinner* as holding that 42 U.S.C. § 1983 suits challenging the denial of DNA evidence are permissible, so long as they satisfy *Heck*'s requirement that a federal judgment in the 42 U.S.C. § 1983 action "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Burd*, 702 F.3d at 433 (citing *Heck*, 512 U.S. at 487).

In analyzing whether to allow Mr. Cox's suit to proceed, there are two important things to remember. First, Mr. Cox is not challenging his criminal judgment, *per se*. Just as was the case in *Skinner*, and as Mr. Cox points out in his complaint, if this Court were to hold that Mr. Cox is entitled to DNA evidence, that fact standing alone does not establish invalidity of the underlying criminal judgment against Mr. Cox. *Skinner*, 131 S.Ct. at 1298–99 (citing *Nelson v. Campbell*, 541 U.S. 637, 647 (2004), and pointing out that DNA "results might prove inconclusive or they might further incriminate Skinner" and would not *necessarily* imply the invalidity of the underlying criminal judgment).

However, second, the Court must also be aware that a decision granting post-conviction DNA testing *would* necessarily imply the invalidity of a state court judgment. The Milwaukee County Circuit Court held that Mr. Cox is not entitled to additional DNA testing. Mr. Cox did not appeal

that decision, but instead challenged it directly in this Court. That move looks suspiciously similar to the *Rooker-Feldman* prohibition against "cases…brought by state-court losers…inviting district court review and rejection of [a state court's] judgments." *Exxon*, 544 U.S. at 284.

It is not entirely clear which of those two scenarios Mr. Cox proceeds under—whether he is attempting to complain that the application of the Wisconsin statute to him deprives him of civil rights, thus enabling a suit under 42 U.S.C. § 1983; or whether he is attempting (perhaps impermissibly) to directly challenge the Milwaukee County Circuit Court's decision in this federal court.

Mr. Cox's citations point to the former. He cites to a line of cases construing requests for DNA relief under 42 U.S.C. § 1983. Moreover, similar to what the plaintiff did in *Skinner*, Mr. Cox has sued the assistant district attorneys who prosecuted him and the Milwaukee County District Attorney's Office, who are allegedly in possession of the DNA evidence Mr. Cox seeks.

However, he specifically asks this court to remand this matter to the Milwaukee County Circuit Court to enforce an order to produce the DNA evidence—a request that is much more in line with the impermissible direct review of state court decisions. (Docket #1, at 6).

In the end, the Court is obliged to determine that Mr. Cox is attempting to proceed in this matter by claiming a deprivation of his rights under 42 U.S.C. § 1983. Where the plaintiff proceeds pro se, this Court must give the plaintiff's complaint a liberal construction, no matter how "inartfully pleaded" the complaint may be. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, despite Mr. Cox's

Page 5 of 9

Case 2:13-cv-00434-JPS   Filed 05/21/13   Page 5 of 9   Document 8

confusing complaint, the Court will construe it liberally to allege the only possible claim that Mr. Cox can make in this situation: a 42 U.S.C. § 1983 claim asserting that he has been denied procedural due process by the Wisconsin court's construction of Wisconsin's post-conviction DNA statute. *See, e.g., Skinner*, 131 S.Ct. at 1296.[1] Additionally, this decision is fully in line with the Supreme Court's repeated statement that this form of 42 U.S.C. § 1983 suit should be allowed to proceed where it would not *necessarily* imply the invalidity of a state *criminal* judgment. *See, e.g., Skinner*, 131 S.Ct. at 1298–99; *Dotson*, 544 U.S. at 82; *Heck*, 512 U.S. at 487; *Nelson*, 541 U.S. at 647.

Having addressed the first screening prong under 28 U.S.C. § 1915A(b)(1), the Court must now examine the second: whether any of the defendants are immune from suit. Under *Monell v. Department of Social Services*, 436 U.S. 658, municipalities may be subject to liability in suits brought under 42 U.S.C. § 1983 if the municipality engaged in an official policy, regulation, ordinance, or custom that deprived the plaintiff of his constitutional rights. Here, the Court has construed Mr. Cox's complaint to allege that he was deprived of his civil rights through the application of Wisconsin's DNA statute to him. Though that claim may be tenuous, as the Court has already noted, the Milwaukee County District Attorney's office may be viewed to have some official policy related to that application that deprives Mr. Cox of his constitutional rights, and therefore the Court cannot

---

[1] Mr. Cox likely has an uphill battle in this regard. In *Skinner*, the plaintiff made clear that he was challenging Texas' state collateral review procedures. *Skinner*, 131 S.Ct. at 1301, and fn. 2 (Thomas, *dissenting*). Here, it is not clear that Mr. Cox is challenging the procedure provided by Wisconsin's statute or courts. Indeed, given his failure to even appeal the Milwaukee County Circuit Court's order denying his request for access to evidence, the Court has difficulty pinpointing Mr. Cox's injury-in-fact.

determine that the Milwaukee County District Attorney's office is immune from suit at this time. However, traditionally municipal departments are not separately suable entities, and claims against them should instead be brought against the municipality, itself. Martin A. Schwartz, SECTION 1983 LITIGATION CLAIMS AND DEFENSES, *Suable Entities*, § 7.03 (2013). Accordingly, Mr. Cox may sustain this claim, but (as further required below) must amend his complaint to allege his claims against Milwaukee County instead of the district attorney's office. Moreover, governmental employees may be held personally liable for violations of constitutional rights. *See, e.g.*, *Dennis v. Higgins*, 498 U.S. 439 (1991); *Gomez v. Toledo*, 446 U.S. 635 (1980). The Court notes that, in reaching this decision, it is not holding that the immunity issue is conclusively settled. Rather, it holds only that, at this point, the record is not clear enough to establish whether any defendant may be immune from suit.[2]

While the Court has construed this claim liberally and will allow Mr. Cox to maintain this action, it must request that he file an amended complaint that more clearly sets out his allegations that the Wisconsin post-conviction DNA testing statute, as applied by the Wisconsin courts, violates his procedural due process rights. Without an amended complaint that more cognizably sets forth those allegations, the Court cannot expect the named defendants to file an answer. The defendants should not be expected to respond to claims against them that they (and the Court) can hardly understand. Furthermore, as the Court set forth above, Mr. Cox must also

---

[2] Thus, at a point in the future, the defendants should be aware that this issue may still be raised as the Court is not definitively foreclosing it, but is rather simply allowing Mr. Cox's complaint to escape dismissal at this early stage.

amend his complaint to name Milwaukee County, instead of the district attorney's office, as named defendant. Mr. Cox is advised that the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." The Court also warns Mr. Cox that the amended complaint will supersede the prior complaint and must be complete in itself without reference to the original complaint. See *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). Mr. Cox must file his amended complaint within 30 days of the entry of this order. Failure to file an amended complaint within this time period will result in dismissal of this action without further notice. After the Court receives Mr. Cox's complaint, it will direct that the complaint be served upon the defendants.

Having found that Mr. Cox has stated a cognizable claim against suable defendants, the Court will allow this case to proceed and will also grant the defendant's motion to proceed *in forma pauperis*. However, as already noted, Mr. Cox must file an amended complaint in compliance with the Court's directives. After he files that amended complaint, the Court will direct that it be served on the named defendant(s).

Accordingly,

IT IS ORDERED that the plaintiff's motion to proceed *in forma pauperis* (Docket #4) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting

monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

IT IS FURTHER ORDERED that the plaintiff file an amended complaint within 30 days of the entry of this order;

IT IS FURTHER ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined; and

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge