UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE COX,

       Plaintiff,

v.

MILWAUKEE COUNTY DISTRICT
ATTORNEY'S OFFICE,
MR. ZIER, and
MR. DENIS STINGLE,

       Defendants.

Case No. 13-CV-434-JPS

ORDER

  The plaintiff, Dwayne Cox, a prisoner at Green Bay Correctional Institution, filed his complaint in this case on April 19, 2013, alleging that he was seeking relief under *Skinner v. Switzer*, --- U.S. ----, 131 S.Ct. 1289, 1297 (2011). (Docket #1). In *Skinner*, the Supreme Court held that the *Rooker-Feldman* doctrine does not bar a prisoner's 42 U.S.C. § 1983 action seeking DNA testing of crime scene evidence, so long as the prisoner challenges the state DNA-testing statute, as opposed to the state court's adverse rulings. *Skinner*, 131 S.Ct. at 1297–98. Indeed, Mr. Cox did seek DNA testing, and so broadly could be understood as seeking relief under *Skinner*. (*See* Docket #1, #8). However, in reviewing Mr. Cox's complaint, the Court pinpointed a potential problem: the fact that Mr. Cox seemed to be protesting a Milwaukee County Circuit Court decision finding that Mr. Cox was not entitled to DNA testing. (*See* Docket #8, at 5). He requested this Court to remand the matter to the Milwaukee County Circuit Court (Docket #1, at 6), which clearly rings of a direct challenge to the state court's decision, and

would be barred under *Rooker-Feldman*, as discussed by *Skinner*, 131 S.Ct. at 1298.

Nonetheless, because the Court is required to give a liberal construction to pleadings filed by *pro se* plaintiffs, such as Mr. Cox, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court determined that it would be appropriate to determine that Mr. Cox was attempting to state a *Skinner* challenge to Wisconsin's post-conviction DNA testing statute, and allow him to amend his pleadings to make that fact clear. (Docket #8, at 5–6). The Court, therefore, allowed Mr. Cox to proceed *in forma pauperis*, and directed him to file an amended complaint that more clearly set out a challenge to Wisconsin's statute. (Docket #8, at 7–8).

Mr. Cox filed the required amended complaint, which was served on the defendants. (Docket #13). The defendants, thereafter, moved to dismiss Mr. Cox's amended complaint. (Docket #20). That matter is fully briefed (Docket #21, #23, #24), and the Court now grants the defendants' motion to dismiss this case for the reasons that follow.

Simply put, Mr. Cox's suit is effectively a direct challenge to the Milwaukee County Circuit Court's decision, and the Court, therefore, lacks jurisdiction to hear the suit under the *Rooker-Feldman* doctrine.

> The *Rooker–Feldman* doctrine holds that the lower federal courts lack subject-matter jurisdiction over actions that seek review of state-court judgments; only the United States Supreme Court has authority to review state judgments. *Rooker–Feldman* is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

> rejection of those judgments. Stated differently, *Rooker–Feldman* is only concerned with situations in which the state court's decision is the source of the harm that the federal suit is designed to redress.

*Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 574-75 (7th Cir. 2013) (internal quotations omitted) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Skinner*, 131 S.Ct. at 1297; *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011); *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir.2008); *Lance v. Dennis*, 546 U.S. 459, 464 (2006); *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013)). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In fact, even if the state court's judgment is clearly erroneous or unconstitutional, the Court may not review that judgment, pursuant to the *Rooker-Feldman* bar. *Gilbert*, 591 F.3d at 900; *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). However, in *Skinner*, the Supreme Court found that *Rooker-Feldman* does not bar federal district court challenges to "a statute or rule governing [a lower court] decision," even if "the 'same or a related question' was earlier aired between the parties in state court." 131 S.Ct. at 1297–98 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292–93 (2005); citing *Gash Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993); *In re Smith*, 349 Fed. App'x 12, 18 (6th Cir. 2009); *Feldman*, 460 U.S. at 487).

So, the question here is whether Mr. Cox is, indeed, challenging a statute or rule governing a state court decision, or is instead challenging the state court's decision, itself. If it is the former, then Mr. Cox may maintain his suit under *Skinner*. If it is the latter, then the Court lacks subject matter jurisdiction to hear the case under the *Rooker-Feldman* doctrine, and accordingly must dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This situation falls squarely in the latter category, and is barred under *Rooker-Feldman*. In his amended complaint, Mr. Cox generally asserts that he is challenging the statute and makes repeated references to the *Skinner* opinion. (Docket #11). However, a broader review of his amended complaint demonstrates that he is, in essence, still seeking a reversal of the state court's judgment, which is prohibited under *Rooker-Feldman*. Mr. Cox requests that this court order the release of all of the evidence he sought to be tested in the state court case. (Docket #11, at 4). Thus, seeing as the state court denied *precisely that type of relief*, Mr. Cox is requesting that the Court "effectively set aside the state-court judgment," as is prohibited under *Rooker-Feldman*. *Gilbert*, 591 F.3d at 900. Moreover, Mr. Cox does not actually make any constitutional claims other than stating generally that the statute and the court's decision violate his First, Fifth, and Fourteenth Amendment rights under the United States Constitution. (*See* Docket #11, at 1–2). In reality, the crux of his complaint is that the state court's decision was incorrect, as he is seeking the precise same relief that he sought below and challenges only the state court's decision as it applies to him—not some broader statute or rule as it applies to all prisoners; therefore, *Rooker-Feldman* squarely bars that form

Page 4 of 7

Case 2:13-cv-00434-JPS   Filed 11/04/13   Page 4 of 7   Document 25

of review. *See Whitmore v. Alvarez*, 2013 WL 995770, at *4–*5 (N.D. Ill. March 13, 2013).

Moreover, this case is very similar to several that other circuit courts of appeal have reviewed and found barred by *Rooker-Feldman*. The Second, Sixth, Ninth, and Eleventh Circuits have all found that similar cases are barred by *Rooker-Feldman*, as being "inextricably intertwined" with state court judgments insofar as "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012); *Alvarez v. Attorney General for Florida*, 679 F.3d 1257 (11th Cir. 2012); *McKithen v. Brown*, 626 F.3d 143 (2d Cir. 2010); *In re Smith*, 349 Fed. App'x, at 15. The source of the injury in all of these cases—and the one at hand—is the state trial court's decision, not the statute or the rule of law, and the proper method of review for reviewing the state decision is an appeal to the state appellate court. *E.g.*, *Alvarez*, 679 F.3d at 1263 (citing *McKithen*, 626 F.3d at 154–55); *In re Smith*, 349 F.3d at 15. The only proper path into federal court is through the state appellate court system, after which point Mr. Cox may appeal his case to the Supreme Court. *See, e.g., Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743, 745 (quoting *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011); citing *Skinner*, 131 S.Ct. 1289; *Remeer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)). Here, where Mr. Cox's injury resulted only from the adverse state court judgment—not from the statute or some rule of law of the state, as was the case in *Skinner*—the Court lacks subject matter jurisdiction over the case pursuant to the *Rooker-Feldman* bar. *Commonwealth Plaza*, 693 F.3d at 696–97.

For these reasons, the Court is obliged to grant the defendants' motion to dismiss Mr. Cox's amended complaint, and will dismiss the case under Rule 12(b)(1).[1]

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss the plaintiff's amended complaint (Docket #20) be and the same is hereby GRANTED, and, pursuant to the *Rooker-Feldman* doctrine and Rule 12(b)(1) of the Federal Rules of Civil Procedure, this case be and the same is hereby DISMISSED without prejudice.

---

[1] As an aside, the Court must make a further point: the Milwaukee County District Attorney's office is not a suable entity under 42 U.S.C. § 1983, because it is an arm of the state. *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942 (7th Cir. 2009) (citing Wis. Stat. §§ 978.01, 978.03, 978.04; *Ameritech Corp. v. McCann*, 403 F.3d 908, 910 (7th Cir.2005); *Ass'n of State Prosecutors v. Milwaukee County*, 199 Wis.2d 549, 544 N.W.2d 888, 889 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir.2007); *Buchanan v. Kenosha*, 57 F.Supp.2d 675, 679 (E.D.Wis.1999)). The Court recognized this issue in its screening order, and requested that Mr. Cox amend his complaint to allege his claim against Milwaukee County; of course, because Milwaukee County has no authority over the district attorney's office, that course of action was ultimately incorrect and the state received and responded to Mr. Cox's complaint, anyway. Nonetheless, the Court points out that Mr. Cox's claim against the political body would not lie, whether it was against Milwaukee County, the district attorney's office, or the State of Wisconsin. There are lesser concerns with his suit against the individual assistant district attorneys, but there may still exist issues of immunity from suit if the Court were to sustain the suit against them. *Imbler v. Pachtman*, 424 U.S. 409, 428-29 (1976); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006); *Spiegel v. Rabinovitz*, 121 F.3d 251, 256-57 (7th Cir.1997). However, because the Court dismisses this case under Rule 12(b)(1) for lack of subject matter without reaching the merits, these issues are ultimately irrelevant to the outcome of this case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge